UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

| | |
|---|---|
| ANTHONY PODIUS, #71145-054; | : |
| PEDRO ESPADA, JR., #78764-053; | : |
| ALI NASRALLAH, #26229-058; | : |
| MIKE LAVALEE, #20404-052; | : |
| VICTOR OFOSU-ASANIE, #85672-053; | : |
| MIGUEL LAROSA, #68500-050; | : |
| BENJAMIN GREEN, #21317-014; | : |
| ANTON P. JEPSON, #72742-054; | : |
| ANTHONY JOSEPH, #83438-053; | : |
| DAVID CRESPO, #20969-014; | : |
| REUBEN TREASURE, #68433-054; | : |
| WILLIAM ALVARADO, #65710-050; | : |
| JUSTE KESNEL, #66663-019; | : |
| MELVIN LOWE, #69408-054; | : |
| LEO WARLIN, #85740-083; | : |
| CARLYLE FRASER, #66403-050; | : |
| ISHWARDAT RAGHUNATH, #78023-053; | : |
| MAX MARCELIN, #39837-054; | : |
| KHAWAJA IKRAM, #65071-050; | : |
| EDDIE ROBINSON, #61014-054; | : |
| SHAWN O'BOY, #72808-054; | : |
| ZAQUAN HOLMAN, #10150-082; | : |
| OMAR KHATER, #66638-050; | : |
| JOHAN CORDERO, #80427-053; | : |
| ERROL CAMPBELL, #85800-053; | : |
| FRANCIS GOMEZ, #92275-054; | : |
| EMMANUEL GONZALEZ, #72153-054; | : |
| SANDY BATISTA, #69159-054; | : |
| CARLOS COTTO-CRUZ, #42616-069; | : |
| MARCUS FOX, #23014-014; and | : |
| ROLFI ESPINAL, #97951-038, | : |

**ORDER**

16-CV-6121 (RRM)(PK)

                                    Plaintiffs,

                    -against-

FEDERAL BUREAU OF PRISONS;
DEPARTMENT OF JUSTICE;
LORETTA LYNCH, Attorney General, in her
official capacity;
HERMAN QUAY III, Warden, MDC Brooklyn;
PETRUCCI, Associate Warden;
TRAVERS, Health Services Administrator;

| | |
|---|---|
| J. CHILDRESS, Unit Manager; | : |
| K. SPIVEY, Case Manager; | : |
| KYLER, Case Manager; | : |
| BENNETT, Counselor; | : |
| McMILLIAN, Counselor; | : |
| DR. M. SEGAL, Psychology Chief; and | : |
| DR. L. NICHOLAS, SPU Coordinator, | : |
| | : |
| Defendants. | : |

---------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

On October 27, 2016, the Court received a submission from several prisoners and detainees at the Metropolitan Detention Center ("MDC") in Brooklyn.

## I. Procedural History

The caption names 31 individuals as prospective plaintiffs, but only 20 of those individuals signed the Complaint. The submission included a joint application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, but did not include specific financial information for any prospective plaintiff and was not signed by any of the prospective plaintiffs. None of the prospective plaintiffs initially submitted the Prisoner Authorization form required by the Prisoner Litigation Reform Act ("PLRA"). An attached cover letter, dated October 23, 2016 and signed "The Petitioners," states: "The individual Pro Se Plaintiffs assert that the claims set forth in this Complaint are made on an individual basis. No individual seeks to represent the interest of a third party." (Dkt. 1-2.) It also states: "Plaintiffs seek the assistance of counsel who can then represent their interest as a class." (*Id.*) The Complaint itself contains generalized allegations referring to a class of "inmates who are now or will in the future be housed or assigned to the four (4) Cadre units . . . at the Metropolitan Detention Center, and who are now or will in the future be subjected to the policy and practice of being arbitrarily and capriciously designated and assigned to the maximum security prison as minimum security inmates." (Compl. at 1, Dkt. 1.) It describes general conditions for Cadre inmates. (*Id.* at 9-11.) It includes specific allegations of retaliatory threats by

2

corrections officers. (*Id.* at 4-5.) The Complaint incorporates six signed affidavits, from five of the prospective plaintiffs and one other individual, detailing specific incidents, only some of which involve those six individuals. No specific allegations related to the remaining prospective plaintiffs are included.

By letters dated November 4, 2016, the Court informed each of the named prospective plaintiffs that in order to proceed he must pay the filing fee or submit an IFP application and a PLRA authorization. Forms were provided to each prospective plaintiff. The PLRA form states: "I [name of plaintiff] request and authorize the facility institution or agency holding me in custody to send to the Clerk of the United States District Court for the Eastern District of New York . . . a certified copy of my prison account statement for the past six months. I further request and authorize the facility or agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the Eastern District of New York." (PLRA Form, Dkt. 3.) The following 18 of the prospective plaintiffs have since submitted both the IFP and PLRA forms: Anthony Podius, Pedro Espada, Jr., Ali Nasrallah, Victor Ofosu-Asanie, Anton Jepson, Anthony Joseph, David Crespo, William Alvarado, Juste Kesnel, Ishwardat Raghunath, Khawaja Ikram, Shawn O'Boy, Zaquan Holman, Johan Cordero, Francis Gomez, Emmanuel Gonzalez, Sandy Batista, and Rolfi Espinal.[1] Dante Callum, Mario Williams, and LaRonn Moultrie also submitted IFP and PLRA forms, although they are not named as plaintiffs in the Complaint.

On November 18, 2016, the Court received a letter dated November 15, 2016, stating that "the following petitioners are no longer on the complaint: Benjamin Green, Leo Warlin, Max

---

[1] Of these, Jepson, Nasrallah, Alvarado, O'Boy, and Cordero did not sign the Complaint. Plaintiff Melvin Lowe submitted the PLRA authorization, but not the IFP request.

Marcelin, Eddie Robinson, Omar Khater, Carlos Cotto-Cruz, Marcus Fox, Rolfi Espinal, and Phillip Hai."[2] (Dkt. 57.) The November 18, 2016 letter also states: "There are a number of other 'new' petitioners and their information is enclosed." (*Id.*) The enclosed documents include a consent to referral of the entire case to a magistrate judge, and the names and signatures of many of the prospective plaintiffs in addition to the following four individuals: LaRonn Moultrie, Dante Callum, Gregory Sulafani, and Mario Williams. (Dkt. 57-1.) Separately signed magistrate consent forms were received from other prospective plaintiffs in a separate mailing received November 23, 2016. (Dkt. 63.)

Also on November 18, 2016, the Court sent letters to the Warden at the MDC for each of the individuals who both signed the Complaint and submitted IFP and PLRA forms (the "Plaintiffs"). (Dkts. 8, 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, 41, 44, 47, 53 & 56.) These letters enclosed copies of the completed PLRA forms for each Plaintiff, directed the institution to send a certified copy of each Plaintiff's trust fund account for the past six months to this Court, and authorized disbursement of funds from prison trust fund accounts to the Court. Partial payments have been received from several Plaintiffs. (Dkts. 66-75.) Many of these individuals have now requested that these funds be returned to them, arguing that the failure of the Bureau of Prisons to provide them personally with certified copies of their trust fund accounts has delayed this Court's decision about granting IFP. (December 16, 2016 Letter, Dkt. 108.)

On March 6, 2017, Attorney Eric Hochstadt filed a notice of appearance, *pro bono*, for Plaintiffs Crespo, Espada, and Podius, and submitted on their behalf a notice of voluntary withdrawal without prejudice. (Dkts. 127-28.)

## II.   IFP

The filing fee to commence a civil lawsuit in federal court is currently $400 (consisting of the

---

[2] Phillip Hai was not named in the Complaint.

4

$350 civil action filing fee and an administrative fee of $50 – the administrative fee does not apply where IFP is granted). A litigant who is unable to pay the filing fee may submit an application to proceed IFP pursuant to 28 U.S.C. § 1915. However, pursuant to the Prison Litigation Reform Act, prisoners who request IFP status are required to pay the filing fee, notwithstanding their eligibility for IFP status, and the Court must collect partial payments of the fees as funds become available, according to a formula provided in 28 U.S.C. § 1915(b). Where multiple plaintiffs file a joint action, each incarcerated plaintiff is required to pay the full filing fee. *See Lasher v. Dagostino*, No. 16-CV-0198, 2016 WL 1717205, at *2 (N.D.N.Y. Apr. 28, 2016) (citing *Ashford v. Spitzer*, No. 08-CV-1036, Dkt. No. 127 (Decision and Order filed Mar. 16, 2010) (N.D.N.Y.) (holding that, in an action filed by multiple prisoners proceeding IFP, each of the plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced.")).[3]

The following individuals' applications to proceed IFP under 28 U.S.C. § 1915 are granted: Anthony Podius, Pedro Espada, Jr., Ali Nasrallah, Victor Ofosu-Asanie, Anthony Joseph, David Crespo, William Alvarado, Juste Kesnel, Ishwardat Raghunath, Khawaja Ikram, Shawn O'Boy, Zaquan Holman, Johan Cordero, Francis Gomez, Emmanuel Gonzalez, Sandy Batista, Rolfi Espinal, and Anton Jepson. These individuals are currently Plaintiffs in this case. The United States Marshals Service is ordered to serve the summons and the Complaint upon Defendants.

---

[3] The Court of Appeals for the Second Circuit has not specifically addressed this issue. Most other circuit courts to consider the question have required each prisoner to pay the full filing fee. *See Hagan v. Rogers*, 570 F.3d 146, 153-56 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004) ("Complaints about prison-wide practices do not require more than one plaintiff. Complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee; many prisoners will opt to litigate by themselves once they understand this, and the process will simplify litigation."); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *but see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) ("[E]ach prisoner should be proportionally liable for any fees and costs that may be assessed. Thus, any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners.")

To the extent that Plaintiffs request the refund of the funds already disbursed from their prison trust accounts (Dkt. 108), this request is denied. Plaintiffs were informed that the PLRA requires collection of the full filing fee, even where IFP has been granted.

### III. Proper Plaintiffs and Opportunity to Amend

Not all of the prospective plaintiffs named in the Complaint actually signed the Complaint,[4] some who signed it failed to properly file by paying the filing fee or requesting IFP status, and other purported plaintiffs have attempted to be added or dropped by letters submitted to the Court. Only those individuals who signed the Complaint and filed IFP and PLRA forms are properly considered Plaintiffs at this time. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."). In addition, the Complaint cannot be amended by letter. If any individuals are to be added, the Plaintiffs and those purported plaintiffs must together file an Amended Complaint naming all the individuals who wish to continue as plaintiffs or be added as plaintiffs, and this Amended Complaint must be signed by all those individuals. Any individual who is not named in the Amended Complaint and any individual who does not sign the Amended Complaint will be dismissed from this action. Any individual who is added must also complete IFP and PLRA forms, or they will be dismissed from this action.

The Court reminds Plaintiffs that a non-attorney appearing *pro se* may not represent another *pro se* litigant, including in a proposed class action. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *McLeod v. Crosson,* No. 89-CV-1952, 1989 WL 28416, at *1 (S.D.N.Y. Mar. 21, 1989) ("It is well settled in this circuit that *pro se* plaintiffs cannot proceed as class

---

[4] Ali Nasrallah, Miguel Larosa, William Alvarado, Melvin Lowe, Carlyle Fraser, Max Marcelin, Eddie Robinson, Shawn O'Boy, Johan Cordero, Errol Campbell, and Carlos Cotto-Cruz were named as prospective plaintiffs but did not sign the Complaint.

representatives."); *Johnson v. Newport Lorillard,* No. 01-CV-9587, 2003 WL 169797, at *1 n.4 (S.D.N.Y. Jan. 23, 2003) ("It is plain error for a *pro se* inmate to represent other inmates in a class action.") (quotation marks omitted). Every *pro se* litigant must represent only himself or herself.

An Amended Complaint completely replaces the Complaint. Any Plaintiff who does not wish to be included in this litigation may decline to join the Amended Complaint, or may submit a signed notice of voluntary withdrawal. Plaintiffs Podius, Crespo, and Espada have submitted a request to withdraw, and that request is granted.

The Complaint generally alleges poor conditions of confinement for Cadre inmates at the MDC, including lack of windows and fresh air, mold, airborne particulate matter, pest infestations, spoiled food, and limited access to educational and rehabilitative programming. Aside from a few references to retaliatory threats allegedly made by corrections officers who are identified in the Complaint but not named as defendants, the Complaint itself does not describe specific incidents. The affidavits attached to the Complaint assert some specific claims as to some Plaintiffs. Although several individuals are named as defendants in this action, the Complaint does not include any specific allegations against these Defendants. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits an action for constitutional violations by federal actors, even in the absence of a statute conferring such a right, but *Bivens* claims must be brought against the individuals personally responsible for the alleged deprivation of a plaintiff's constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, plaintiffs must allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Accordingly, Plaintiffs are advised that if they file an Amended Complaint, they should specify what each individual Defendant did or failed to do to each individual Plaintiff that violated

7

Plaintiffs' constitutional rights.

To the extent that Plaintiffs wish to seek class certification, they must find counsel who can represent the interests of the entire class. The cover letter that accompanied the Complaint suggested that Plaintiffs are seeking the assistance of counsel, but no further information was provided. Should Plaintiffs wish to request the appointment of *pro bono* counsel, they may mail a request to the Court.

## IV. Conclusion

Plaintiffs' request for the return of fees already paid is denied. The applications to proceed IFP are granted. The action may proceed as to Victor Ofosu-Asanie, Anthony Joseph, Juste Kesnel, Ishwardat Raghunath, Khawaja Ikram, Zaquan Holman, Francis Gomez, Emmanuel Gonzalez, Sandy Batista, Rolfi Espinal, and Anton Jepson.[5] The Clerk of Court is directed to note the removal of the other prospective plaintiffs from the caption of the Complaint.

The United States Marshals Service is directed to serve the summons and Complaint upon Defendants without prepayment of fees.

Should Plaintiffs choose to file an Amended Complaint, they are reminded that an Amended Complaint completely replaces the Complaint. The Amended Complaint must be captioned "Amended Complaint," and must bear the same docket number as this order. It must be signed by each plaintiff named in its caption. Any Amended Complaint must be received within 30 days from the date of this Order.

---

[5] These are the prospective plaintiffs who are named in the Complaint, signed the Complaint, filed IFP and PLRA forms, and have not voluntarily withdrawn. They are the only current plaintiffs.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge


Dated:     Brooklyn, New York
               March 16, 2017